**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Gilding, a married man, ) | No. CV-08-2137-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| John S. Carr; Jerry Johnston and Ellen ) Johnston; Robert Marks and Jane Doe ) Marks; Stephen Palmer and Lori Palmer; ) The National Air Traffic Controllers ) Association, AFL-CIO; John Does I-V and ) Jane Does I-V, inclusive; ABC ) Associations I-V inclusive, ) ) Defendants. ) ) | |

Pending before the Court is Defendant National Air Traffic Controllers Association's ("NATCA") Motion for a Stay of the Court's Remand Order Pending Appeal (Dkt. # 122), Objection/Response (Dkt. # 124), Joinder (Dkt. # 125), and Reply/Joinder (Dkt. ## 133 and 135) thereto. For the following reasons, the motion is denied.

In the Ninth Circuit, the standard for granting a stay on appeal is indistinguishable from that used to determine whether a preliminary injunction should be granted. *Golden Gate Rest. Ass'n v. City and County of San Francisco,* 512 F.3d 1112, 1115-16 (9th Cir. 2008). Thus, the applicant for a stay must show some combination of irreparable injury to its interests and the likelihood of success on appeal. If the movant can establish a likelihood that it will prevail on its appeal, it need only establish "a possibility of irreparable injury" to merit

a stay pending appeal. *Id.* at 1115-16 quoting *Lopez v. Heckler,* 713 F.2d 1432, 1435-6 (9th Cir. 1983). Similarly, however, if the movant can establish that "the balance of hardships tips sharply in its favor," it need only demonstrate that its appeal raises "serious legal questions." *Id.*

In this case, NATCA asserts that the Court's determination that it lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1447 (c) and (d), raises "serious legal questions." While the Court recognizes that reasonable minds might disagree with the basis for the ruling set forth in its remand order, in the Court's judgment the question appealed is not sufficiently close so that it could be characterized as presenting "serious legal questions."

Even assuming, however, that NATCA's appeal does present "serious legal questions," the sliding scale standard set forth in *Golden Gate* still requires NATCA to establish that "the balance of hardships tips sharply in its favor." This, NATCA fails to do. NATCA's only argument is that "[g]ranting the stay pending appeal will protect all parties from the hardship of what may well prove to be unnecessary, as well as vexatious and costly litigation in Arizona Superior Court." While this may be so, it is equally true that Defendants' attempt to remove Plaintiff's state law claims to federal court may also "prove to be unnecessary, as well as vexatious and costly litigation in the [federal court system]." As Plaintiff points out in its Response, Defendants' attempt to remove his claims to federal court has already delayed his state court case by more than six months. Further, NATCA's argument raises no issues as to how "the balance of hardships tips sharply in [NATCA's] favor." NATCA's assertions that the stay will work no serious hardship on Plaintiff, even if true, do not satisfy its obligation under *Golden Gate* to establish that it will suffer disproportionate hardships if a stay is not granted.

Finally, according to the *Golden Gate* test, in considering a stay, the Court must take into account the question of the public interest. NATCA asserts that proper application of the CSRA preemption is in the public interest. The Court agrees, but, obviously believes that it has properly applied CSRA preemption to this case. Thus, NATCA's "public policy" argument is not separate from the arguments already made by NATCA.

1     Similarly, Plaintiff asserts that the public policy behind the remand statute does not favor a stay pending the appeal of a remand because, according to the Supreme Court, the remand statute "reflects Congress's longstanding 'policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the case is removed.'" *Powerex Corp. v. Reliant Energy Services, Inc.,* 551 U.S. 224, 234 (2007). Again, however, this argument merely reasserts Plaintiff's position that he is prejudiced by having to finance and endure expensive and time-consuming federal proceedings prior to the resolution of his state court claims. It then, is merely a restatement of arguments already considered. Therefore, after having considered the arguments of the parties,

    **IT IS HEREBY ORDERED,** denying Defendant NATCA's Motion For A Stay of the Court's Remand Order Pending Appeal (Dkt. # 122).

    DATED this 19th day of May, 2009.

    */s/ H. Murray Snow*
G. Murray Snow
United States District Judge